**Donald Wayne KELLEY, Appellant,**

v.

**Paula KELLEY, Appellee.**

**No. 12969.**

Court of Civil Appeals of Texas, Austin.

June 6, 1979.

Rehearing Denied July 11, 1979.

Geoffrey A. FitzGerald, Bowmer, Court-
ney, Burleson & Pemberton, Temple, for
appellant.

Eugene P. Chapline, Austin, for appellee.

PHILLIPS, Chief Justice.

This appeal arises out of a divorce case.
The dispute is over conservatorship of the
parties' three-year-old daughter.

Appellee filed a petition for divorce in
Bell County in June, 1977. On November
17, 1977, after trial to the court, an order
styled "Decree of Divorce" was signed by
Honorable Don Busby. It granted the par-
ties a divorce, disposed of all property, and
contained temporary orders for conserva-
torship and support of the child, Rebecca.
All temporary orders concerning conserva-
torship and support of the child were ex-
pressly made subject to "further order of
this Court." The trial court's docket has a

notation that a decision on permanent custody would not be made until a social study could be completed. The case was reset for final hearing on November 17, 1977, and then again reset for December 12, 1977.

The next action occurred in August, 1978, at which time a jury trial was held before Honorable William Black on the sole issue of custody. The jury answered that appellant should be appointed managing conservator of the child. Judge Black entered judgment *non obstante veredicto* in favor of appellee. On October 6, 1978, a "Final Decree of Divorce" was entered which made reference to the provisions of the "interlocutory judgment styled Decree of Divorce" entered in November, 1977. The second judgment granted a divorce which was to "relate back to November 17, 1977." The October, 1978, judgment named appellee managing conservator, made provision for support and access, and divided the property in the exact manner of the earlier judgment.

Appellant is now before us on a number of points, the first being whether the November, 1977, judgment was final. If it was, appellant was actually seeking a modification of the previous divorce decree. Texas Family Code Ann. § 14.08 (Supp. 1978) requires a showing that the circumstances of the child or parent have changed since entry of the decree to be modified so that retention of the present managing conservator would be injurious to the welfare of the child and that appointment of a new managing conservator would be a positive improvement for the child. No attempt was made by appellant to satisfy Section 14.08. Appellant argues that the earlier judgment was interlocutory, and Section 14.08 was therefore inapplicable. We agree.

To be final, a judgment must determine the rights of the parties and dispose of all the issues involved so no future action will be necessary in order to settle and determine the case. *Wagner v. Warnasch*, 156 Tex. 335, 295 S.W.2d 890 (1956). A judgment is interlocutory when it determines less than all issues as to all parties thereby leaving something to be determined and adjudicated by the court in disposing of the parties and their rights. *Campbell v. Campbell*, 550 S.W.2d 164 (Tex.Civ.App. 1977, no writ). The court in the present case expressly left open the issue of permanent conservatorship, thus the November, 1977, judgment was interlocutory.

Appellee argues that the earlier order "was a final decree of divorce because it is against public policy and the intent of the Family Code to sever the issues of a divorce case." Appellee points to a line of cases holding that the matter of division of property may not be severed from the cause of action for divorce. See, e. g., *Adam v. Stewart*, 552 S.W.2d 536 (Tex.Civ.App.1977, no writ); *Reed v. Williams*, 545 S.W.2d 33 (Tex.Civ.App.1976, no writ). From this appellee argues that custody issues, likewise, may not be severed from the cause of action for divorce.

In our view, the November, 1977, judgment was interlocutory and the custody issue was not severed. It should be observed that no order of severance was entered. The trial court clearly intended to reserve judgment appointing the managing conservator for a later time. See *Garrison v. Texas Commerce Bank*, 560 S.W.2d 451 (Tex.Civ.App.1977, writ ref'd n.r.e.).

The Texas Supreme Court in *Cockerham v. Cockerham*, 527 S.W.2d 162 (Tex.1975), was faced with similar facts. There a trial to a jury was held settling all matters other than the marital property division. The trial court postponed its decision on the property issue but retained jurisdiction "of the property rights of such parties until finally determined at a future date." The trial court after another trial on the limited issue entered a subsequent judgment dividing the property. The Supreme Court looked to each of the two different judgments for resolution of the point in issue in that case.

The Houston Court of Civil Appeals in *Garrison v. Texas Commerce Bank, supra* at 457, discussed *Cockerham* and stated:

"It appears the Supreme Court construed the two orders entered by the trial court as constituting a single judgment. The first order of the court was interlocutory and was made final when the judgment was rendered dividing the property of the parties. The judgment entered dividing the property referred to the judgment granting the divorce thereby impliedly incorporating its terms into the final judgment."

In the present case, the October, 1978, order was the final judgment. We make no decision on the trial court's authority to have the divorce "relate back to November 17, 1977," and appellee's related public policy argument.

 Appellant next attacks the trial court's action in setting aside the jury's finding in appellant's favor on conservatorship and entering judgment *non obstante veredicto* for appellee. Texas R.Civ.P. 301 provides that a "court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence." When a court renders such judgment it is equivalent to a finding that there was no evidence to raise an issue for the jury. *Rodriguez v. Higginbotham-Bailey-Logan Co.*, 138 Tex. 476, 160 S.W.2d 234 (1942); *Colonial Savings Assoc. v. Taylor*, 544 S.W.2d 116 (Tex.1976). In acting on the motion for judgment *non obstante veredicto*, all testimony must be considered in the light most favorable to the party against whom the motion is sought and every reasonable intendment deducible from the evidence is to be indulged in that party's favor. *Douglass v. Panama, Inc.*, 504 S.W.2d 776 (Tex.1974). A review of the evidence in the record is necessary.

 Appellee introduced testimony by a social worker and a clinical psychologist, both of whom concluded that appellee should be granted custody of Rebecca. They each stated that Rebecca's stepbrother, who lives with appellee, is a positive factor in Rebecca's life. The psychologist testified that it would be a serious loss to Rebecca if she were separated from her mother and stepbrother. The social worker also testified that appellee's financial situation is not very stable as her new husband changes jobs frequently. The record reflects that appellee's husband was dishonorably discharged from the Army. The social worker expressed concern as to the chances of appellee's marriage lasting. This is her third marriage. The record also shows that appellee has had sexual relations with many men since she was in high school. There is also testimony that appellee has been an active drug user from about that same time. A minister who knows both parties well characterized appellee as a very unstable person. Appellant is single and lives with his mother in San Marcos. He is employed and attending college. Since there was evidence to support the disregarded finding of the jury, we hold it was error for the trial court to grant the motion for judgment *non obstante veredicto.*

 Appellee contends that the jury's verdict was against the overwhelming weight of the evidence, in light of the testimony by the social worker and child psychologist. In reviewing factual sufficiency points of error, the court considers all of the evidence to determine whether the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex.1951); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Texas L.Rev. 361 (1960). The finding by the jury that appellant should be appointed managing conservator is not so against the great weight and preponderance of the evidence as to be manifestly unjust.

 Appellee alleges jury misconduct. She states in her brief that the evidence of misconduct was not properly preserved in the statement of facts, and "[a]ppellee therefore will not burden the Court with further discussion of this crosspoint." Points of error are required to be supported

by argument and authority, Tex.R.Civ.P. 418(e), and if not supported, the points are waived. *Nolan v. Bettis*, 577 S.W.2d 551 (Tex.Civ.App.1979, writ filed); *Rayburn v. Giles*, 182 S.W.2d 9 (Tex.Civ.App.1944, writ ref'd). The crosspoint is overruled.

Inasmuch as we hold that the jury's finding was supported by the evidence, we reverse the judgment and remand the cause to the district court for entry of judgment appointing Donald Wayne Kelley as managing conservator and providing for such access to the child by the possessory conservator as the district court may deem proper under the record.

Reversed and Remanded With Instructions.