Guadalupe **HAMLET**, Appellant,

v.

Theresa Salinas **SILLIMAN**, Appellee.

No. 17650.

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 31, 1980.

---

**2.** The sustention of the contention makes it unnecessary to notice any other complaint about the judgment.

John R. Froeschner, Texas City, for appellant.

R. A. Apffel, Galveston, for appellee.

Before WALLACE, PEDEN and EVANS, JJ.

WALLACE, Justice.

This is a suit for custody of a 2 year old girl. The trial court modified its prior order and appointed appellee, Theresa Salinas Silliman, the natural mother, managing conservator. The issue is whether there was sufficient evidence to support the trial court's order.

The child, Becky Salinas, was born February 2, 1977, to appellee who was 16 years old and unmarried. The appellant, Guadalupe Hamlet, sister of the natural mother, took the child from the hospital and kept her for approximately one year. She filed a petition for termination of the parent–child relationship and for adoption. Appellee then filed an application for Writ of Habeas Corpus. The court ordered the child delivered to appellee pending hearing on the petition of appellant. Hearing was had on April 9, 1978, culminating in an order dated July 31 denying the petition for termination and adoption but appointing appellant "*Temporary Managing Conservator until further orders of the court,*" (emphasis added) and granting appellee visitation rights restricted to the home of the child's maternal grandparents.

On October 6, 1978, the court entered an order removing the restrictions requiring appellee to visit the child at the grandparent's home. Neither the October 6 order nor the motion on which it was based is contained in the transcript.

The order made the basis of this appeal was entered pursuant to a "Motion to Modify in a Suit Affecting the Parent–Child Relationship" filed by appellee. No findings of fact or conclusions of law were requested or filed. The trial court made some oral pronouncements at the time of the hearing on appellant's motion for new trial, but these cannot be considered on appeal. *Southwestern Newspapers Corp. v. Curtis*, 584 S.W.2d 362 (Tex.Civ.App.– Amarillo 1979, no writ); *Crapps v. Crapps*, 546 S.W.2d 909 (Tex.Civ.App.–Austin 1977, no writ); *Gasperson v. Madill National Bank*, 455 S.W.2d 381 (Tex.Civ.App.–Fort Worth 1970, writ ref'd n. r. e.).

To determine whether there was sufficient evidence to support the trial court's order, it is necessary for us to determine the applicable section of the Family Code under which the hearing was conducted, i. e., Section 14.01(b) or Section 14.08. The applicable section of the code depends upon whether the order of July 31, 1978, was a final order. If it was a final order, then Section 14.08 would control and it was incumbent on the appellee to prove that the circumstances of the parties, including the child, had so materially and substantially changed since the entry of the order that the retention of appellant as managing conservator would be injurious to the welfare of the child and that the appointment of appellee as the managing conservator would be a positive improvement for the child. However, if it was a temporary order, then Section 14.01(b) would apply and the appellant had the burden of establishing that the appointment of appellee as managing con-

servator would not be in the best interest of the child. *Crapps v. Crapps, infra.*

The order of July 31 appointed appellant as *"Temporary Managing Conservator of the child until further orders of the court."* (emphasis added) This indicates that the trial court anticipated a further hearing before entering a final order. *Johnson v. Parish,* 547 S.W.2d 311 (Tex.Civ.App.–Houston [1st Dist.] 1977, no writ). Appellant contends that Section 14.08 of the Family Code is applicable in all cases where modification of a prior order appointing a managing conservator is sought. Her position is that if the trial court appoints a temporary managing conservator for any reason, such as a pending investigation of what would be in the best interest of the child, or, as in the present case, until a parent's temporary adverse situation improves, then in a subsequent hearing to modify the temporary order the natural parent would have the burden of proving not only a material change in the situation surrounding the parent, so that the appointment would be a positive improvement for the child, but also that the circumstances of the child had so materially and substantially changed that the retention of the temporary managing conservator would be injurious to the welfare of the child.

 In enacting Chapter 14 of the Family Code, the legislature clearly set out in Section 14.01(b) its intention that a parent should be appointed managing conservator of the child unless the court finds that the appointment of a parent would not be in the best interest of the child. The remaining nine sections of Chapter 14, give the court wide discretion, within the enumerated guidelines, to do that which is in the best interest of the child. We find that the legislature intended that the trial court have discretion to appoint a temporary managing conservator in situations such as this case, where it is in the best interest of the child. We further find that Section 14.08 does not apply to these temporary appointments, so the evidence necessary to support a modification of a final order appointing a managing conservator is not re-

quired in order to modify a temporary appointment; rather, the court is required to follow 14.01(b) in such a hearing. Section 14.08 was not applicable to the hearing and the resulting order appealed from in this case.

Appellant further contends that the evidence was insufficient to support the order. In considering an insufficiency point we must consider all the evidence to determine whether the findings are so against the weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 140 Tex. 662, 244 S.W.2d 660 (1951).

 There was evidence that the appellee no longer used drugs as she had done at the time of the birth of the child, that she was married and maintained a home suitable for the child, that she and her husband were employed and both loved and wanted the child. This evidence was sufficient to sustain the court's order appointing the appellee managing conservator of the child.

The judgment of the trial court is affirmed.