**In the Interest of N.J.G.**

**No. 04–97–00808–CV.**

Court of Appeals of Texas, San Antonio.

Sept. 9, 1998.

Charles A. Schmidt, Ana Novoa, Supervising Attorney, Sylvia Lopez, Student Attorney, San Antonio, for Appellant.

Susan J. Dasher, Law Office of Susan J. Dasher, P.C., Austin, for Appellee.

Before RICKHOFF, DUNCAN and ANGELINI, JJ.

## OPINION

DUNCAN, Justice.

Teresa Guerra appeals the trial court's order denying her motion to terminate Vivian Villarreal's temporary managing conservatorship over Guerra's biological child, N.J.G. Because the order leaves the issue of permanent conservatorship open, we hold it is interlocutory and therefore dismiss Guerra's appeal for want of jurisdiction.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 22, 1992, Teresa Guerra, a Mexican citizen who was illegally residing in San Antonio, Texas, gave birth to a daughter, N.J.G. Guerra cared for her daughter until June 1993, when Guerra was arrested for theft. Guerra was subsequently convicted and sentenced to three years in prison. Before entering prison, however, in September 1993, Guerra made formal arrangements for N.J.G.'s care with a friend, Gloria Villarreal.

In April 1994, without Guerra's knowledge or consent, Gloria Villarreal let her daughter, Vivian Villarreal, assume custody and responsibility for N.J.G. But neither Gloria nor Vivian told Guerra of this new arrangement until June 1996, when Vivian Villarreal visited Teresa in prison and asked to adopt N.J.G. Guerra adamantly refused. One week later, Vivian Villarreal filed a petition to terminate the parent-child relationship between N.J.G. and her biological parents. N.J.G.'s father did not answer. But Guerra filed a pro se answer vigorously objecting to Villarreal's petition.

Guerra was released from prison in August 1996 and immediately taken into custody by the United States Immigration and Naturalization Service. In October 1996, Guerra was released on bond pending trial in the deportation proceeding. Shortly thereafter, Vivian Villarreal sought and was granted a temporary restraining order prohibiting Guerra's removal of N.J.G. from the jurisdiction of the trial court. At the same time, the trial court mandated scheduled visitations between Guerra and N.J.G.

In mid-May 1997, the trial court heard evidence on Villarreal's petition to terminate the parent-child relationship between N.J.G. and her biological parents. After the hearing, the trial court terminated N.J.G.'s biological father's parental rights but refused to terminate those of Guerra. Instead, the trial court appointed Villarreal as N.J.G.'s temporary managing conservator and Guerra as her daughter's temporary possessory conservator, ordered increased visitation, and enjoined the two women from removing N.J.G. from the court's jurisdiction. The court's order recites these steps were taken pursuant to section 161.205(2) of the Texas Family Code, which permits the court to make orders in the child's best interest when it denies a petition to terminate the parent-child relationship. The order does not reflect the court found appointing Guerra as managing conservator "would significantly impair [N.J.G's] physical health or emotional devel-

opment." TEX. FAM.CODE ANN. § 153.131(a) (Vernon Supp.1998).[1]

In late June, Guerra filed a motion to terminate Villarreal's temporary managing conservatorship and set the matter for a hearing on August 4. Shortly thereafter, on July 23, 1997, during a scheduled visitation, Guerra and N.J.G. left on an errand and never returned. In response, Villarreal filed a motion for a writ of attachment, a motion to hold Guerra in contempt for violating the injunction, a motion for sanctions, and an amended petition to terminate Guerra's parental rights. Villarreal attempted to set these matters for hearing on August 4. Three days notice was not given, however, and the trial court denied Villarreal's motion to shorten the requisite notice period. *See* TEX.R. CIV. P. 21. The hearing on August 4 thus went forward only on Guerra's motion to terminate Villarreal's managing conservatorship.

At the hearing, the trial judge heard testimony from Vivian Villarreal; Guerra's parole officer, Tambra Satterfield; Guerra's friend, Terry Abrams; and two psychologists, Drs. Trevino and Scott, who had worked with N.J.G. At the conclusion of the hearing, the court ruled Guerra had not produced sufficient evidence to justify terminating Villarreal's temporary managing conservatorship. The court and Villarreal's attorney then dis-

cussed setting Villarreal's various petitions and motions for a later hearing.

After the hearing, the trial court signed findings of fact and conclusions of law. In its findings, the trial court found Guerra presented "no evidence in support of the termination," Guerra secreted N.J.G. in violation of the court's order, and it was in N.J.G.'s best interest for Villarreal to remain managing conservator. Once again, however, the court did not find appointing Guerra as managing conservator "would significantly impair [N.J.G's] physical health or emotional development." *See supra* n. 1. Guerra appeals, challenging the legal and factual sufficiency of the evidence to support the trial court's ruling.

## JURISDICTION

Neither of the parties has questioned our jurisdiction over this appeal. However, subject matter jurisdiction cannot be waived and, as a result, may be raised by the court on its own initiative. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.), *petition for cert. filed,* 67 U.S.L.W. 3149 (U.S. Aug. 6, 1998) (No. 98–249). We do so in this case and conclude we are without jurisdiction to decide Guerra's appeal.

■■■■ The Texas Family Code permits a party to appeal "a final order" in a suit affecting the parent-child relationship. TEX.

1. Section 153.131(a) provides:
   Subject to the prohibition in Section 153.004 [regarding domestic violence], unless the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development, a parent shall be appointed sole managing conservator or both parents shall be appointed as joint managing conservators of the child.
   TEX. FAM.CODE ANN. § 153.131(a) (Vernon Supp. 1998). The record indicates the trial court failed to make the finding required by section 153.131(a) because it assumed section 153.131(a) does not apply to orders rendered pursuant to section 161.205(2), which permits the court to "render any order in the best interest of the child" if it denies a petition to terminate the parent-child relationship. *Id.* § 161.205(2) (Vernon 1996). Application of the "best interest" standard in section 161.205(2) without regard to the section 153.131(a) presumption is the subject of Guerra's third point of error.

Our research has not revealed any authority for interpreting section 161.205(2) without regard to section 153.131(a), and we note the trial court's interpretation would permit a non-parent to avoid the presumption set forth in 153.131(a) merely by the filing and denial of a frivolous petition to terminate the parent-child relationship. *Cf.* TEX. FAM.CODE ANN. § 153.373 (Vernon 1996) (section 153.131(a) presumption "is rebutted if the court finds that ... the parent has voluntarily relinquished actual care, control, and possession of the child to a nonparent ... for a period of one year or more, a portion of which was within 90 days preceding the ... filing of the suit; and ... the appointment of the nonparent ... as managing conservator is in the best interest of the child."); *Hamlet v. Silliman,* 605 S.W.2d 663, 664–65 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ) (holding motion to modify temporary conservatorship is governed by the predecessor of section 153.131). We do not decide which standard applies, however, because we dismiss this appeal for lack of jurisdiction.

FAM.CODE ANN. § 109.002(b) (Vernon 1996); *see also* TEX. FAM.CODE ANN. § 105.001(e) (Vernon 1996) ("Temporary orders rendered under this section are not subject to interlocutory appeal."). "To be final, a judgment must determine the rights of the parties and dispose of all the issues involved so no future action will be necessary in order to settle and determine the case." *Kelley v. Kelley*, 583 S.W.2d 671, 673 (Tex.Civ.App.—Austin 1979, writ dism'd). "A judgment is interlocutory when it determines less than all issues as to all parties thereby leaving something to be determined and adjudicated by the court in disposing of the parties and their rights." *Id.* Accordingly, an order is interlocutory if it leaves open the issue of permanent conservatorship. *Id.*

The trial court appointed Villarreal to serve as N.J.G.'s temporary managing conservator. Therefore, by denying Guerra's motion to terminate the temporary conservatorship, the trial court effectively continued the temporary appointment of Villarreal as N.J.G's managing conservator. Because this order leaves open the question of permanent conservatorship, it is interlocutory. *Kelley*, 583 S.W.2d at 673. We therefore dismiss Guerra's appeal for lack of jurisdiction.