Opinion issued December 18, 2003



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01142-CV




SRINIVASA P. CHALU, Appellant

V.

ATTIBEE RAMASWAMY SHAMALA, Appellee




On Appeal from the County Court No. 2
Galveston County, Texas
Trial Court Cause No. 96FD1432




O P I N I O N

          Appellant, Srinivasa P. Chalu (father), the possessory conservator of the minor
child, S.S.C., brings this appeal to challenge an order granting the motion of child’s
sole managing conservator, appellee, Attibele Ramaswamy Shamala (mother), to
transfer mother’s petition to modify parent-child relationship to the Superior Court
of California, County of San Bernardino, Central Branch. On November 6, 2003, this
Court issued an order that notified father of our intent to dismiss this appeal, for lack
of jurisdiction because the order that father challenges did not resolve the issues and
the parties pertinent to mother’s motion to modify, unless, within 30 days of our
order, father provided this Court with a brief, supported by legal authorities, that
demonstrated the basis of our appellate jurisdiction. See Tex. R. App. P. 42.3(a). The
deadline set by that order has passed without father’s filing the requested brief. 
          We conclude that we lack jurisdiction and dismiss the appeal.
Background
          Mother filed her motion to modify the parent-child relationship on August 20,
2002. On the same day, she filed a motion to transfer her motion to modify to San
Bernardino County, California. Mother’s motion to modify alleged that the trial court
had continuing, exclusive jurisdiction and that the court’s prior order for possession
of or access to the minor child, S.S.C., had become unworkable or inappropriate
because mother and child had changed residence “to a place outside Texas.” 
Mother’s motion to transfer alleged that San Bernardino County, California had been
the principal residence of S.S.C. during the six months that preceded mother’s
motions to modify and to transfer. Mother’s motion to transfer incorporated a notice
of hearing for September 26, 2002 and was supported by mother’s sworn affidavit,
in compliance with section 155.204(a) of the Family Code. See Tex. Fam. Code
Ann. § 155.204(a) (Vernon 2002). Father did not file a controverting affidavit. See
id. § 155.204(a)-(c). Although he appeared at the September 26, 2002 hearing, father
did not contest the assertions of mother’s affidavit. See Proffer v. Yates, 734 S.W.2d
671, 672, 673 (Tex. 1987) (construing former Family Code section 11.06(b) and
conditionally granting mandamus relief to compel trial court to perform mandatory,
ministerial duty to transfer based on sworn, uncontroverted motion because remedy
by appeal inadequate) (citing former Tex. Fam. Code Ann. §11.06(b)). The trial
court signed the order of transfer at the conclusion of the September 26, 2002 hearing. 
No Interlocutory Appeal from § 155.204 Transfer Orders
          A motion to modify the parent-child relationship is a suit affecting the parent-child relationship (SAPCR). See Tex. Fam. Code Ann. § 101.032(a) (Vernon 2002)
(defining “suit affecting the parent-child relationship”). A trial court that enters a
decree affecting the child retains continuing, exclusive jurisdiction over SAPCRs
pertinent to that decree. Tex. Fam. Code Ann. §§ 155.001(a), 155.002 (Vernon
2002). Section 155.204 sets out the procedures that control transfer of SAPCRs. See
In re S.G.S., 53 S.W.3d 848, 851 (Tex. App.—Fort Worth 2001, no pet.). Subsection
(e) of section 155.204 provides that, “An order transferring or refusing to transfer the
proceeding is not subject to interlocutory appeal.” Tex. Fam. Code Ann. §
155.204(e) (Vernon 2002). Accordingly, father has no right of interlocutory appeal
to challenge the trial court’s transfer order. 
No Ordinary Appeal from § 155.204 Transfer Orders
          Chapter 109 of the Family Code governs appeals in family-law cases. See Tex.
Fam. Code Ann. §§ 109.001-.003 (Vernon 2002). Section 109.002 permits any party
to a suit to appeal a final order “when allowed under this section or under other
provisions of law.” Tex. Fam. Code Ann. § 109.002(a), (b). Section 109.002
permits appeals from “a final order” and provides that the appeal “shall be as in civil
cases generally.” Id. § 109.002(a); see also id § 109.002(b), (c) (also referring to
“final order”). With exceptions not relevant here, an appeal in a civil case may be
prosecuted only from a final judgment or order. North East Indep. Sch. Dist. v.
Aldridge, 400 S.W.2d 893, 895 (Tex.1966); see also Tex. Civ. Prac. & Rem. Code
Ann. § 51.014 (Vernon Supp. 2003) (listing appealable interlocutory orders). 
          A final judgment or order is one that disposes of all issues and parties in the
case. North East Indep. Sch. Dist., 400 S.W.2d at 895. The order that father
challenges here did not resolve the issues and parties in mother’s SAPCR and was,
therefore, not final. See In re N.J.G., 980 S.W.2d 764, 766-67 (Tex. App.—San
Antonio 1998, no pet.) (holding that because question of permanent conservatorship
remained unresolved by order denying motion to terminate temporary
conservatorship, that order was interlocutory and not appealable). The trial court’s
order merely ordered interlocutory relief that transferred mother’s SAPCR to San
Bernardino County, California, without resolving the SAPCR. 
          As addressed above, section 155.204(e) states that an order that transfers or
refuses to transfer is not subject to interlocutory appeal. Likewise, father has not
demonstrated that this Court otherwise has jurisdiction over his attempted appeal
from the trial court’s order of transfer. 
          On November 6, 2003, this Court issued an order notifying father that his
appeal would be dismissed unless, within 30 days of that order, father demonstrated
that this Court had jurisdiction. Tex. R. App. P. 42.3(a). Father has not satisfied the
conditions of that order. In accordance with our order of November 6, 2003, this
Court orders father’s appeal dismissed for want of jurisdiction.
Conclusion
          We dismiss the appeal.


                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.