IN RE JS, BD, AND BO, CHILDREN

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-277-CV

IN THE INTEREST OF 

J.S., B.D., AND B.O., CHILDREN

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

The State petitioned to terminate the parental rights of the mother and three individual fathers of three minor children, B.O., B.D., and J.S.  Appellant, the great-grandmother, filed a petition in intervention seeking to be named managing conservator of the children.  After conducting a hearing, the trial court terminated parental rights and named the Texas Department of Family and Protective Services (“Department”) the permanent managing conservator of B.D. and J.S. and the temporary managing conservator of B.O.  In three points, Appellant argues that the trial court erred in failing to grant her motion for continuance, the evidence was legally and factually insufficient to support a finding that the children should be placed with the Department, and she was denied effective assistance of counsel.  We affirm.

Factual and Procedural Background

Appellant was the primary caregiver of the two older children, B.O. and B.D.  On September 29, 2003, two days after J.S. was born, all three children were taken into custody by the Department.  On March 2, 2004, the mother of the three children executed a voluntary affidavit of relinquishment of parental rights with respect to all three children and designated the Department as managing conservator of the children.  On that same day, the father of J.S. also signed a voluntary affidavit relinquishing his parental rights, and he also designated the Department as managing conservator of J.S.  Appellant filed a petition in intervention seeking to be appointed sole managing conservator of all three children, or in the alternative, seeking reasonable access or possession of the children. 

On August 9, 2004, a bench trial was conducted.  Before the trial began, counsel for the State informed the trial court that the alleged father of B.O., whose whereabouts had previously been unknown, had been located in the Denton County Jail.  The alleged father’s counsel informed the court that he had only briefly met with his client; therefore counsel and the State agreed to sever the cause of action seeking to terminate the parental rights of B.O.’s alleged father, and proceed at a later date.  The trial court granted the motion to sever, stayed the proceedings with respect to the termination of parental rights of B.O.’s alleged father, and made it the subject of a separate cause of action. 

The trial court also heard Appellant’s counsel’s motion to withdraw, which had been filed that day.  Appellant’s counsel sought to withdraw because, according to her motion, Appellant wished to pursue a course of action that was against counsel’s advice.  Appellant stated that she was in agreement with counsel’s motion to withdraw.  However, when Appellant was informed that the trial would still proceed that day, Appellant orally requested that the trial be postponed and she be granted an extension in order to allow her time to hire another attorney to represent her.  The trial court denied Appellant’s request and also denied Appellant’s counsel’s motion to withdraw. 

The trial court also considered the State’s motion to dismiss Appellant for lack of standing under the family code with regard to J.S.  The trial court found that Appellant lacked standing and dismissed her as a party with respect to J.S.
(footnote: 2)  After conducting a trial, the trial court terminated the mother’s parental rights to all three children.  The trial court also terminated the parental rights of the father of J.S. and those of the father of B.D.  The trial court appointed the Department as the permanent managing conservator of J.S. and B.D. and ordered that the Department remain the temporary managing conservator of B.O.  The trial court denied all relief requested by Appellant with respect to B.O. and B.D. 

Oral Motion for Continuance

In her first point, Appellant complains that the trial court abused its discretion in denying her request for a continuance.  She contends that her counsel had a conflict of interest because she had told Appellant that Appellant could not win.  She argues that the trial court denied her motion because it did not want to delay the trial and that this decision cannot be based upon guiding rules and principles. 

The decision to grant or deny a motion for continuance is within the trial court's sound discretion.  
Villegas v. Carter
, 711 S.W.2d 624, 626 (Tex. 1986); 
In re E.L.T.
, 93 S.W.3d 372, 374 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  The trial court's action in denying a continuance will not be disturbed unless the record discloses a clear abuse of discretion.  
State v. Wood Oil Distrib. Inc
., 751 S.W.2d 863, 865 (Tex. 1988).  A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to any guiding rules and principles.  
Mercedes-Benz Credit Corp. v. Rhyne
, 925 S.W.2d 664, 666 (Tex.1996).

A motion for continuance shall not be granted except for sufficient cause supported by an affidavit, consent of the parties, or by operation of law.  
Tex. R. Civ. P.
 251.  If a motion for continuance is not made in writing and verified, it will be presumed that the trial court did not abuse its discretion in denying the motion.  
E.L.T.
, 93 S.W.3d at 375; 
Favaloro v. Commission for Lawyer Discipline
, 13 S.W.3d 831, 838 (Tex. App.—Dallas 2000, no pet.).  In the present case, Appellant requested that the trial be postponed without a supporting affidavit.  Because Appellant did not comply with Rule 251, the trial court did not abuse its discretion in denying the motion.  
E.L.T
., 93 S.W.3d at 375; 
see Taherzadeh v. Ghaleh-Assadi
, 108 S.W.3d 927, 928 (Tex. App.—Dallas 2003, pet. denied) (finding that appellant’s oral motion for continuance without a supporting affidavit failed to preserve his complaint for review); 
In re T.T.
, 39 S.W.3d 355, 361 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (holding trial court did not abuse its discretion in denying oral motion for continuance for failure to comply with Rule 251);
 Villegas
, 711 S.W.2d at 627 (stating that the trial court should either have denied the attorney's motion to withdraw or granted the party's motion for continuance)
; 
see also Shull v. United Parcel Serv
., 4 S.W.3d 46, 52-53 (Tex. App.—San Antonio 1999, pet. denied), 
cert. denied
, 531 U.S. 835 (2000) (noting that pro se litigants must comply with applicable laws and rules of procedure).  We overrule Appellant's first point.

Appointment of Conservator

In her second point, Appellant argues that the evidence is legally and factually insufficient to support a finding that the children should be placed with the Department.  Appellant argues that because she was the primary caregiver of the two older children, B.O. and B.D., all three children should have been placed with her. 

Although Appellant’s argument on appeal relates to all three children, we will only consider the merits of her argument as it relates to B.D.  Because Appellant was dismissed as a party for lack of standing with respect to J.S., we will not consider her argument as it relates to J.S.  Additionally, we lack jurisdiction to consider Appellant’s claim regarding B.O. because it was severed with respect to the parental rights of the alleged father.

The Texas Family Code permits a party to appeal “a final order” in a suit affecting the parent-child relationship.  
Tex. Fam. Code Ann.
 § 109.002(b) (Vernon 2002); 
In re N.J.G.
, 980 S.W.2d 764, 766 (Tex. App.—San Antonio 1998, no pet.); 
see also
 
Tex. Fam. Code Ann.
 § 105.001(e) (Vernon Supp. 2004-05) (“Temporary orders rendered under this section are not subject to interlocutory appeal.”).  To be final, a judgment must determine the rights of the parties and dispose of all the issues involved so no future action will be necessary in order to settle and determine the case.  
N.J.G.
, 980 S.W.2d at 767; 
Kelley v. Kelley
, 583 S.W.2d 671, 673 (Tex. Civ. App.—Austin 1979, writ dism'd).  A judgment is interlocutory when it determines less than all issues as to all parties thereby leaving something to be determined and adjudicated by the court in disposing of the parties and their rights.  
Kelley
, 583 S.W.2d at 673.  Accordingly, an order is interlocutory if it leaves open the issue of permanent conservatorship.  
Id
.; 
see N.J.G.
, 980 S.W.2d at 767 (dismissing for lack of jurisdiction appeal from trial court’s order that left open question of permanent conservatorship); 
see also In re King
, No. 07-00-0462-CV, 2000 WL 1609928, at *1 (Tex. App.—Amarillo 2000, no pet.) (not designated for publication) (dismissing for lack of jurisdiction appeal from orders appointing temporary conservators).

Because the trial court severed the cause of action pertaining to the termination of parental rights of B.O.’s father, and because the trial court ordered that the Department shall remain the temporary managing conservator of B.O., all of the issues have not been disposed of as to that child.  The trial court will have to determine at a later date whether the father’s parental rights should be terminated and the issue regarding permanent conservatorship of B.O.  Therefore, the judgment with regard to B.O. is not final because future action will be necessary in order to settle and determine all issues as they relate to B.O.  As a result, we lack jurisdiction over Appellant’s argument on appeal regarding the designation of the Department as temporary managing conservator of B.O.  Thus, for the above reasons, we will only consider Appellant’s argument that the Department should not have been appointed permanent managing conservator of B.D.

In determining issues of conservatorship, the best interest of the child shall always be the primary consideration of the trial court.  
Tex. Fam. Code Ann.
 § 153.002 (Vernon 2002); 
In re K.R.P.
, 80 S.W.3d 669, 674 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).  We review the trial court's determination of conservatorship under an abuse of discretion standard.  
Gillespie v. Gillespie
, 644 S.W.2d 449, 451 (Tex. 1982); 
In re De La Pena
, 999 S.W.2d 521, 526 (Tex. App.—El Paso 1999, no pet.); 
Doyle v. Doyle
, 955 S.W.2d 478, 479 (Tex. App.—Austin 1997, no pet.).  We likewise review the trial court’s best interest findings for an abuse of discretion.  
In re J.R.P.
, 55 S.W.3d 147, 151 (Tex. App.—Corpus Christi 2001, pet. denied).  A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding principles. 
De La Pena
, 999 S.W.2d at 526; 
Doyle
, 955 S.W.2d at 479.  An abuse of discretion does not occur as long as some evidence of a substantive and probative character exists to support the trial court's decision.  
De La Pena
, 999 S.W.2d at 526. 

Section 153.374 of the family code states

(a) A parent may designate a competent person, authorized agency, or licensed child-placing agency to serve as managing conservator of the child in an unrevoked or irrevocable affidavit of relinquishment of parental rights executed as provided by Chapter 161.

(b) The person or agency designated to serve as managing conservator shall be appointed managing conservator unless the court finds that the appointment would not be in the best interest of the child.

Tex. Fam. Code Ann.
 § 153.374 (Vernon 2002).

In the instant case, the mother of the children signed an affidavit of voluntary relinquishment, in which she designated the Department as managing conservator of all three children.  Therefore, according to section 153.374 of the family code, the trial court was required to appoint the Department managing conservator, unless it found that this was not in B.D.’s best interests. 

The State presented the testimony of several witnesses who testified as to the condition of Appellant’s home.  Kenneth Coleman, an investigator with the Department, testified that he checked on the welfare of B.D. and B.O., who were residing with Appellant.  Coleman described the condition of the inside of her home as “[p]retty much deplorable” because it was unclean, with clothes piled on the bed and floor and boxes stacked in one bedroom from the floor to the ceiling.  Coleman testified that he did not consider those conditions safe for the children.  Coleman also testified that Appellant’s own son was also residing with her at the time, and that he had a criminal history that included two prior convictions for injury to a child.  Additionally, Coleman stated that he told Appellant he was concerned about Appellant’s son’s drug use, which included the use of methamphetamines, yet Appellant did not feel it was a “major problem.”  Furthermore, Coleman stated that when he examined B.D., he had what “appeared to be insect bites all over his bottom and legs” and Coleman later learned that B.D. also had a staph infection. 

The State also presented the testimony of the children’s grandmother. She testified that she had also previously lived at Appellant’s residence while B.O. and B.D. were living with Appellant.  She stated that there were rats and cockroaches in the house, the house was cluttered with clothes, furniture, and boxes piled up in the bedrooms, and there were drugs and syringes inside the house.  

Appellant presented witnesses to contradict the State’s witnesses.  Appellant called Daisy Unuigeby, who testified that she was regularly in Appellant’s home once a week for Bible study, and she described Appellant as a good caregiver and described Appellant’s residence to be clean, although somewhat cluttered with toys. 

Appellant also testified at the hearing.  She stated that although she had previously had problems with rats and cockroaches, she had taken steps to eliminate them from her home.  She also stated that her roof leaked and she had it repaired and the carpet replaced and that was the reason that boxes were stacked in one of the bedrooms.  She testified that she kept her house clean and took care of the children’s medical needs. 

From the record, we conclude that there was some evidence to support the trial court’s decision to appoint the Department as managing conservator of B.D.  Although there was some contradicting evidence presented by Appellant, a trial court does not abuse its discretion when it bases its decision on conflicting evidence.  
K.R.P
., 80 S.W.3d at 674; 
De La Pena
, 999 S.W.2d at 526.  Therefore, we hold that the trial court did not abuse its discretion.  We overrule Appellant’s second point.

Effective Assistance of Counsel

In her third point, Appellant argues that she was denied effective assistance of counsel.  However, Appellant cites no authority to support her claim that a great-grandparent intervenor in a parental termination suit has a constitutional or statutory right to effective assistance of counsel.  In Texas, there is a statutory right to counsel for indigent parents in parental-rights termination cases, and this right embodies the right to effective counsel.  
In re M.S.
, 115 S.W.3d 534, 544 (Tex. 2003); 
see
 
Tex. Fam. Code Ann.
 § 107.013(a)(1) (Vernon Supp. 2004-05).  However, the statute provides that this right only applies to the parents of the child that is the subject of the termination. Therefore, because Appellant had neither a constitutional nor statutory right to counsel, she cannot raise a claim of ineffective assistance of counsel.  We overrule Appellant’s third point.

Conclusion

We dismiss Appellant’s second point as it relates to B.O. and J.S. and, having otherwise overruled all of Appellant’s points, we affirm the trial court's judgment.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DELIVERED:  July 21, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Appellant does not complain of the trial court’s ruling dismissing her for lack of standing with respect to J.S.