COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-277-CV
 
 
  
IN 
THE INTEREST OF
  
  
  
J.S., 
B.D., AND B.O., CHILDREN
 
 
   
------------
 
FROM 
THE 362ND DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
Introduction
        The 
State petitioned to terminate the parental rights of the mother and three 
individual fathers of three minor children, B.O., B.D., and J.S.  
Appellant, the great-grandmother, filed a petition in intervention seeking to be 
named managing conservator of the children.  After conducting a hearing, 
the trial court terminated parental rights and named the Texas Department of 
Family and Protective Services (“Department”) the permanent managing 
conservator of B.D. and J.S. and the temporary managing conservator of 
B.O.  In three points, Appellant argues that the trial court erred in 
failing to grant her motion for continuance, the evidence was legally and 
factually insufficient to support a finding that the children should be placed 
with the Department, and she was denied effective assistance of counsel.  
We affirm.
Factual and 
Procedural Background
        Appellant 
was the primary caregiver of the two older children, B.O. and B.D. On September 
29, 2003, two days after J.S. was born, all three children were taken into 
custody by the Department.  On March 2, 2004, the mother of the three 
children executed a voluntary affidavit of relinquishment of parental rights 
with respect to all three children and designated the Department as managing 
conservator of the children.  On that same day, the father of J.S. also 
signed a voluntary affidavit relinquishing his parental rights, and he also 
designated the Department as managing conservator of J.S.  Appellant filed 
a petition in intervention seeking to be appointed sole managing conservator of 
all three children, or in the alternative, seeking reasonable access or 
possession of the children.
        On 
August 9, 2004, a bench trial was conducted.  Before the trial began, 
counsel for the State informed the trial court that the alleged father of B.O., 
whose whereabouts had previously been unknown, had been located in the Denton 
County Jail.  The alleged father’s counsel informed the court that he had 
only briefly met with his client; therefore counsel and the State agreed to 
sever the cause of action seeking to terminate the parental rights of B.O.’s 
alleged father, and proceed at a later date.  The trial court granted the 
motion to sever, stayed the proceedings with respect to the termination of 
parental rights of B.O.’s alleged father, and made it the subject of a 
separate cause of action.
        The 
trial court also heard Appellant’s counsel’s motion to withdraw, which had 
been filed that day.  Appellant’s counsel sought to withdraw because, 
according to her motion, Appellant wished to pursue a course of action that was 
against counsel’s advice.  Appellant stated that she was in agreement 
with counsel’s motion to withdraw.  However, when Appellant was informed 
that the trial would still proceed that day, Appellant orally requested that the 
trial be postponed and she be granted an extension in order to allow her time to 
hire another attorney to represent her.  The trial court denied 
Appellant’s request and also denied Appellant’s counsel’s motion to 
withdraw.
        The 
trial court also considered the State’s motion to dismiss Appellant for lack 
of standing under the family code with regard to J.S.  The trial court 
found that Appellant lacked standing and dismissed her as a party with respect 
to J.S.[2]   After conducting a trial, the 
trial court terminated the mother’s parental rights to all three 
children.  The trial court also terminated the parental rights of the 
father of J.S. and those of the father of B.D.  The trial court appointed 
the Department as the permanent managing conservator of J.S. and B.D. and 
ordered that the Department remain the temporary managing conservator of 
B.O.  The trial court denied all relief requested by Appellant with respect 
to B.O. and B.D.
Oral Motion for 
Continuance
        In 
her first point, Appellant complains that the trial court abused its discretion 
in denying her request for a continuance.  She contends that her counsel 
had a conflict of interest because she had told Appellant that Appellant could 
not win.  She argues that the trial court denied her motion because it did 
not want to delay the trial and that this decision cannot be based upon guiding 
rules and principles.
        The 
decision to grant or deny a motion for continuance is within the trial court's 
sound discretion.  Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 
1986); In re E.L.T., 93 S.W.3d 372, 374 (Tex. App.—Houston [14th Dist.] 
2002, no pet.).  The trial court's action in denying a continuance will not 
be disturbed unless the record discloses a clear abuse of discretion.  State 
v. Wood Oil Distrib. Inc., 751 S.W.2d 863, 865 (Tex. 1988).  A trial 
court abuses its discretion if its decision is arbitrary, unreasonable, and 
without reference to any guiding rules and principles.  Mercedes-Benz 
Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex.1996).
        A 
motion for continuance shall not be granted except for sufficient cause 
supported by an affidavit, consent of the parties, or by operation of law.  
Tex. R. Civ. P. 251.  If a 
motion for continuance is not made in writing and verified, it will be presumed 
that the trial court did not abuse its discretion in denying the motion.  E.L.T., 
93 S.W.3d at 375; Favaloro v. Commission for Lawyer Discipline, 13 S.W.3d 
831, 838 (Tex. App.—Dallas 2000, no pet.).  In the present case, 
Appellant requested that the trial be postponed without a supporting 
affidavit.  Because Appellant did not comply with Rule 251, the trial court 
did not abuse its discretion in denying the motion.  E.L.T., 93 
S.W.3d at 375; see Taherzadeh v. Ghaleh-Assadi, 108 S.W.3d 927, 928 (Tex. 
App.—Dallas 2003, pet. denied) (finding that appellant’s oral motion for 
continuance without a supporting affidavit failed to preserve his complaint for 
review); In re T.T., 39 S.W.3d 355, 361 (Tex. App.—Houston [1st Dist.] 
2001, no pet.) (holding trial court did not abuse its discretion in denying oral 
motion for continuance for failure to comply with Rule 251); Villegas, 
711 S.W.2d at 627 (stating that the trial court should either have denied the 
attorney's motion to withdraw or granted the party's motion for continuance); see 
also Shull v. United Parcel Serv., 4 S.W.3d 46, 52-53 (Tex. App.—San 
Antonio 1999, pet. denied), cert. denied, 531 U.S. 835 (2000) (noting 
that pro se litigants must comply with applicable laws and rules of 
procedure).  We overrule Appellant's first point.
Appointment of 
Conservator
        In 
her second point, Appellant argues that the evidence is legally and factually 
insufficient to support a finding that the children should be placed with the 
Department.  Appellant argues that because she was the primary caregiver of 
the two older children, B.O. and B.D., all three children should have been 
placed with her.
        Although 
Appellant’s argument on appeal relates to all three children, we will only 
consider the merits of her argument as it relates to B.D.  Because 
Appellant was dismissed as a party for lack of standing with respect to J.S., we 
will not consider her argument as it relates to J.S.  Additionally, we lack 
jurisdiction to consider Appellant’s claim regarding B.O. because it was 
severed with respect to the parental rights of the alleged father.
        The 
Texas Family Code permits a party to appeal “a final order” in a suit 
affecting the parent-child relationship. Tex. Fam. Code Ann. § 109.002(b) 
(Vernon 2002); In re N.J.G., 980 S.W.2d 764, 766 (Tex. App.—San Antonio 
1998, no pet.); see also Tex. Fam. 
Code Ann. § 105.001(e) (Vernon Supp. 2004-05) (“Temporary orders 
rendered under this section are not subject to interlocutory appeal.”).  
To be final, a judgment must determine the rights of the parties and dispose of 
all the issues involved so no future action will be necessary in order to settle 
and determine the case.  N.J.G., 980 S.W.2d at 767; Kelley v. 
Kelley, 583 S.W.2d 671, 673 (Tex. Civ. App.—Austin 1979, writ 
dism'd).  A judgment is interlocutory when it determines less than all 
issues as to all parties thereby leaving something to be determined and 
adjudicated by the court in disposing of the parties and their rights.  Kelley, 
583 S.W.2d at 673.  Accordingly, an order is interlocutory if it leaves 
open the issue of permanent conservatorship.  Id.; see N.J.G., 
980 S.W.2d at 767 (dismissing for lack of jurisdiction appeal from trial 
court’s order that left open question of permanent conservatorship); see 
also In re King, No. 07-00-0462-CV, 2000 WL 1609928, at *1 (Tex. 
App.—Amarillo 2000, no pet.) (not designated for publication) (dismissing for 
lack of jurisdiction appeal from orders appointing temporary conservators).
        Because 
the trial court severed the cause of action pertaining to the termination of 
parental rights of B.O.’s father, and because the trial court ordered that the 
Department shall remain the temporary managing conservator of B.O., all of the 
issues have not been disposed of as to that child.  The trial court will 
have to determine at a later date whether the father’s parental rights should 
be terminated and the issue regarding permanent conservatorship of B.O.  
Therefore, the judgment with regard to B.O. is not final because future action 
will be necessary in order to settle and determine all issues as they relate to 
B.O.  As a result, we lack jurisdiction over Appellant’s argument on 
appeal regarding the designation of the Department as temporary managing 
conservator of B.O.  Thus, for the above reasons, we will only consider 
Appellant’s argument that the Department should not have been appointed 
permanent managing conservator of B.D.
        In 
determining issues of conservatorship, the best interest of the child shall 
always be the primary consideration of the trial court. Tex. Fam. Code Ann. § 153.002 (Vernon 
2002); In re K.R.P., 80 S.W.3d 669, 674 (Tex. App.—Houston [1st Dist.] 
2002, pet. denied).  We review the trial court's determination of 
conservatorship under an abuse of discretion standard.  Gillespie v. 
Gillespie, 644 S.W.2d 449, 451 (Tex. 1982); In re De La Pena, 999 
S.W.2d 521, 526 (Tex. App.—El Paso 1999, no pet.); Doyle v. Doyle, 955 
S.W.2d 478, 479 (Tex. App.—Austin 1997, no pet.).  We likewise review the 
trial court’s best interest findings for an abuse of discretion.  In 
re J.R.P., 55 S.W.3d 147, 151 (Tex. App.—Corpus Christi 2001, pet. 
denied).  A trial court abuses its discretion when it acts in an arbitrary 
and unreasonable manner, or when it acts without reference to any guiding 
principles.  De La Pena, 999 S.W.2d at 526; Doyle, 955 S.W.2d 
at 479.  An abuse of discretion does not occur as long as some evidence of 
a substantive and probative character exists to support the trial court's 
decision.  De La Pena, 999 S.W.2d at 526.
        Section 
153.374 of the family code states
   
(a) A parent may designate a competent person, authorized agency, or licensed 
child-placing agency to serve as managing conservator of the child in an 
unrevoked or irrevocable affidavit of relinquishment of parental rights executed 
as provided by Chapter 161.
   
(b) 
The person or agency designated to serve as managing conservator shall be 
appointed managing conservator unless the court finds that the appointment would 
not be in the best interest of the child.
  
  
Tex. Fam. Code Ann. § 153.374 (Vernon 
2002).
        In 
the instant case, the mother of the children signed an affidavit of voluntary 
relinquishment, in which she designated the Department as managing conservator 
of all three children.  Therefore, according to section 153.374 of the 
family code, the trial court was required to appoint the Department managing 
conservator, unless it found that this was not in B.D.’s best interests.
        The 
State presented the testimony of several witnesses who testified as to the 
condition of Appellant’s home.  Kenneth Coleman, an investigator with the 
Department, testified that he checked on the welfare of B.D. and B.O., who were 
residing with Appellant.  Coleman described the condition of the inside of 
her home as “[p]retty much deplorable” because it was unclean, with clothes 
piled on the bed and floor and boxes stacked in one bedroom from the floor to 
the ceiling.  Coleman testified that he did not consider those conditions 
safe for the children. Coleman also testified that Appellant’s own son was 
also residing with her at the time, and that he had a criminal history that 
included two prior convictions for injury to a child.  Additionally, 
Coleman stated that he told Appellant he was concerned about Appellant’s 
son’s drug use, which included the use of methamphetamines, yet Appellant did 
not feel it was a “major problem.”  Furthermore, Coleman stated that 
when he examined B.D., he had what “appeared to be insect bites all over his 
bottom and legs” and Coleman later learned that B.D. also had a staph 
infection.
        The 
State also presented the testimony of the children’s grandmother.  She 
testified that she had also previously lived at Appellant’s residence while 
B.O. and B.D. were living with Appellant.  She stated that there were rats 
and cockroaches in the house, the house was cluttered with clothes, furniture, 
and boxes piled up in the bedrooms, and there were drugs and syringes inside the 
house.
        Appellant 
presented witnesses to contradict the State’s witnesses.  Appellant 
called Daisy Unuigeby, who testified that she was regularly in Appellant’s 
home once a week for Bible study, and she described Appellant as a good 
caregiver and described Appellant’s residence to be clean, although somewhat 
cluttered with toys.
        Appellant 
also testified at the hearing.  She stated that although she had previously 
had problems with rats and cockroaches, she had taken steps to eliminate them 
from her home.  She also stated that her roof leaked and she had it 
repaired and the carpet replaced and that was the reason that boxes were stacked 
in one of the bedrooms.  She testified that she kept her house clean and 
took care of the children’s medical needs.
        From 
the record, we conclude that there was some evidence to support the trial 
court’s decision to appoint the Department as managing conservator of 
B.D.  Although there was some contradicting evidence presented by 
Appellant, a trial court does not abuse its discretion when it bases its 
decision on conflicting evidence.  K.R.P., 80 S.W.3d at 674; De 
La Pena, 999 S.W.2d at 526.  Therefore, we hold that the trial court 
did not abuse its discretion.  We overrule Appellant’s second point.
Effective 
Assistance of Counsel
        In 
her third point, Appellant argues that she was denied effective assistance of 
counsel.  However, Appellant cites no authority to support her claim that a 
great-grandparent intervenor in a parental termination suit has a constitutional 
or statutory right to effective assistance of counsel.  In Texas, there is 
a statutory right to counsel for indigent parents in parental-rights termination 
cases, and this right embodies the right to effective counsel.  In re 
M.S., 115 S.W.3d 534, 544 (Tex. 2003); see Tex. Fam. Code Ann. § 107.013(a)(1) 
(Vernon Supp. 2004-05). However, the statute provides that this right only 
applies to the parents of the child that is the subject of the termination. 
Therefore, because Appellant had neither a constitutional nor statutory right to 
counsel, she cannot raise a claim of ineffective assistance of counsel.  We 
overrule Appellant’s third point.
Conclusion
        We 
dismiss Appellant’s second point as it relates to B.O. and J.S. and, having 
otherwise overruled all of Appellant’s points, we affirm the trial court's 
judgment.
  
  
                                                          ANNE 
GARDNER
                                                          JUSTICE
    
  
PANEL 
A:   CAYCE, C.J.; GARDNER and MCCOY, JJ.

DELIVERED: 
July 21, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Appellant does not complain of the trial court’s ruling dismissing her for 
lack of standing with respect to J.S.