NO. 07-07-0395-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 10, 2007


______________________________



IN THE INTEREST OF W.L.D.W., A CHILD


________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;



NO. 95-550,311; HON. DRUE FARMER, PRESIDING



_______________________________



Order of Dismissal


________________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.


 Preston Jerome White attempts to appeal from temporary orders entered in a suit
affecting the parent-child relationship. We dismiss the appeal for lack of jurisdiction.

 The record before us reveals that the Texas Department of Family and Protective
Services filed a petition seeking appointment as temporary managing conservator of
W.L.D.W., a minor child. On August 22, 2007, the trial court entered temporary orders and
set the next hearing in the matter for October 10, 2007. It is from this order that White
appeals.

 Pursuant to section 105.001(e) of the Texas Family Code, the appeal is interlocutory
and cannot be appealed. Tex. Fam Code Ann. 105.001(e) (Vernon Supp. 2006); See In
the Interest of N.J.G., 980 S.W.2d 764, 767 (Tex. App.-San Antonio 1998, no pet.). 

 Accordingly, without considering or addressing the issue of whether White timely
filed his notice of appeal, we dismiss the appeal for lack of jurisdiction. Tex. R. App. P.
42.3, 43.2(f). 

 

 Brian Quinn

 Chief Justice



n>


ORDER ON EMERGENCY MOTION FOR TEMPORARY RELIEF


          Relators, Robert Pat Whiteaker and Whiteaker Ranches, Inc., have filed a petition
for writ of mandamus alleging an abuse of discretion by the trial court in the signing of an
order approving the sale of receivership property and authorizing and directing the
Receiver, Wayne Cogdill, to complete the sale pursuant to the terms of a certain Farm and
Ranch Purchase Contract between Whiteaker Family Ranches Limited Partnership as
seller and Doug Lathem as buyer (hereinafter referred to as the Lathem Contract). 
Additionally, Relators have filed an emergency motion for temporary relief requesting this
Court to stay the effectiveness of that order pending disposition of their original petition. 

          An appellate court, pursuant to Rule 52.10(a) of the Texas Rules of Appellate
Procedure, may without notice grant any “just relief” pending the disposition of the original
petition. Just relief may include staying the enforcement of an order for purposes of
protecting the jurisdiction of the appellate court by maintaining the status quo of the
underlying proceeding while the court considers the merits of the mandamus action. In re
Kelleher, 999 S.W.2d 51, 52 (Tex.App.–Amarillo 1999, orig. proceeding); In re Reed, 901
S.W.2d 604, 609 (Tex.App.–San Antonio 1995, orig. proceeding).
           Having reviewed the emergency motion for temporary relief and the petition for writ
of mandamus, this Court is of the opinion that the underlying issue here is whether the
Lathem Contract is a valid and enforceable obligation of the Whiteaker Family Ranches
Limited Partnership and whether the Receiver should be ordered to complete the sale
pursuant to the terms of that contract. Because the order in question directly bears upon
those issues, in the interest of justice and judicial economy, we grant Relators’ request for
temporary relief and stay the enforcement of the trial court’s order of January 4, 2010.
          CONCLUSION
          Relators’ motion for emergency relief is granted. The trial court’s order of January
4, 2010, is stayed pending disposition of Relators’ Petition for Writ of Mandamus. The
Court further orders that the original plaintiffs, Martha Lane Clark, Debra Carol Horn, Travis
Wayne Horn, Travis Lee Parker, Otis Brandon Parker, and Monica Carol Parker; the
Receiver, Wayne Cogdill; the Intervenor, Doug Lathem; and the Intervenors, Kevin
Spielman and Kay Spielman, d/b/a Kevin Spielman Farms and d/b/a Spielman Cattle
Company, file a response to the petition for writ of mandamus by January 18, 2010.
 
                                                                           Per Curiam