Opinion issued February 2, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00956-CV

———————————

In the
interest of G.A.J.



 



 

On Appeal from the 309th District Court

Harris County, Texas



Trial Court Case No. 2010-35353

 



 

MEMORANDUM OPINION

          Appellant
has filed a notice of appeal from “all orders entered in [this case] while
initial MOTION FOR RECUSAL OF 309TH JUDGE was filed on 6-9-10.” She references
and attaches an order issued by the trial court on October 13, 2011, which is
an agreed temporary order on conservatorship. Because the orders appealed from appear
to be interlocutory and not statutorily approved for interlocutory appeal,[1]  the Clerk of this Court sent appellant a
notice of possible dismissal for want of jurisdiction on December 7, 2011. The
notice informed appellant that her appeal appeared to relate to interlocutory
orders over which this Court has no jurisdiction and allowed her until December
21, 2011 to file a response demonstrating jurisdiction, if any. The notice also
informed her that failure to file a meritorious response could result in
dismissal of her appeal. Appellant requested additional time to file a response,
and the Court extended her deadline to January 24, 2012. Appellant failed to
file a response by that date. 

Accordingly, we dismiss this
appeal. See Tex. R. App. P. 42.3(a), (c). All outstanding motions are
denied as moot.

PER CURIAM

Panel
consists of Chief Justice Radack and Justices Higley and Brown.











[1]           Appellate courts have jurisdiction to
consider appeals of interlocutory orders only if a statute explicitly provides such
jurisdiction. Stary v. DeBord,
967 S.W.2d 352, 352–53 (Tex. 1998). Section 51.014 of the Texas Civil Practice
and Remedies Code specifically provides for the appeal of certain interlocutory
orders, but the order attached to appellant’s notice of appeal does not fall
within one of section 51.014’s categories of approved orders. See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a) (West Supp. 2011).
Courts of appeals have specifically recognized that orders addressing temporary
conservatorship of children are interlocutory orders over which courts of
appeals lack subject-matter jurisdiction. E.g.,
In re
X.C.B., No. 14-08-00851-CV, 2009 WL 2370911, at *2 (Tex.
App.—Houston [14th Dist.] July 30, 2009, pet. struck) (mem. op.) (citing In re N.J.G., 980 S.W.2d 764, 767 (Tex.
App.—San Antonio 1998, no pet.)). Appellant’s notice of appeal is broad enough
to include other orders from the trial court, but appellant has not identified
any such orders for this Court and failed to respond to our notice regarding
jurisdiction.