Opinion issued April 12, 2012.



 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-10-00513-CV

____________

 








BARBARA LEANNE
RICHARDSON, Appellant

 

V.

 

STEPHAN SHAWN
MARAK AND DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellees

 

 

On Appeal from the 309th District Court

Harris County, Texas

Trial Court Cause No. 2003-52679

 

 



MEMORANDUM OPINION








This is
an attempted appeal from “Temporary Orders rendered on April 6, 2010, May 5,
2010 and May 20, 2010” by the trial court. 
Because we lack jurisdiction, we dismiss the appeal.

Generally,
appeals may be taken only from final judgments.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  We have jurisdiction to hear an interlocutory
appeal only if authorized by statute.  See Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West 2008); Stary
v. DeBord, 967 S.W.2d 352, 352–53 (Tex. 1998).

The Texas
Family Code permits a party to appeal “a final order” in a suits affecting the parent-child
relationship.  Tex. Fam. Code Ann. §§ 109.002(b), 263.405(a) (West Supp.
2011).  Temporary orders rendered in such
suits are not subject to interlocutory appeal. 
See Tex. Fam. Code Ann. § 105.001(e) (West 2008);  In re
N.J.G., 980 S.W.2d 764, 767 (Tex. App.—San Antonio 1998, no pet.). 
An order is interlocutory if it leaves open the issue of permanent
conservatorship.  In re N.J.G., 980 S.W.2d at 767.

The trial
court’s orders appointed the Department of Family and Protective Services to
serve as temporary managing conservator of the minor child at issue.  Because these orders leave open the question
of permanent conservatorship, they are interlocutory.  See id.

Appellant
cites no authority, and we have found none, providing for an interlocutory
appeal to be taken from these orders.  Cf. Tex.
Civ. Prac. & Rem. Code Ann.
§ 51.014(a).

On February
22, 2012, the Court notified the parties of its intent to dismiss the appeal unless
appellant filed a response demonstrating this court’s jurisdiction.  See Tex. R. App. P. 42.3(a).  Appellant did not respond. 

Accordingly,
we dismiss the appeal for want of jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).  We dismiss any other pending motions as moot.  

PER CURIAM

 

Panel consists of Chief Justice Radack and Justices Higley
and Brown.