NO. 07-05-0170-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 23, 2005

_____

IN THE INTEREST OF E.A.F., A CHILD

_____

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NO. 05-04-06256; HONORABLE CARTER T. SCHILDKNECHT, JUDGE

_____

Before REAVIS and CAMPBELL, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Proceeding *pro se*, appellants Jacob Fehr and Anna Fehr filed a notice of appeal challenging the trial court's order granting temporary managing conservatorship of their minor child, E.A.F., to the Texas Department of Family and Protective Services. By letter dated May 31, 2005, Jacob and Anna were notified that a temporary order for managing conservatorship is not subject to interlocutory appeal and requested they show cause on

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

or before June 10, 2005, why the purported appeal should not be dismissed for want of jurisdiction. Jacob and Anna did not respond.

This Court is obligated to determine, *sua sponte*, its jurisdiction to entertain an appeal. Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.–Amarillo 1994, writ denied), citing New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990). Section 105.001(e) of the Texas Family Code provides that temporary orders rendered in a suit affecting the parent-child relationship are not subject to interlocutory appeal. An order is interlocutory when it determines less than all issues as to all parties thereby leaving something to be determined and adjudicated by the court in disposing of the parties and their rights. Kelley v. Kelley, 583 S.W.2d 671, 673 (Tex.Civ. App.–Austin 1979, writ dism'd). An order addressing temporary conservatorship of a child is interlocutory if it leaves open the issue of permanent conservatorship and thus, we lack subject matter jurisdiction over an appeal from such an order. In the Interest of N.J.G., 980 S.W.2d 764, 767 (Tex.App.–San Antonio 1998, no pet.).

Accordingly, Jacob and Anna's purported appeal is dismissed for want of jurisdiction.


Don H. Reavis
Justice