NO.
12-07-00111-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          APPEAL
FROM THE 

 

IN THE INTEREST OF
S.S.,          §          COUNTY COURT AT LAW NO. 3 OF

A CHILD

§          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Luther Alan
Smith appeals from an order in a suit affecting the parent-child relationship
appointing the Department of Family and Protective Services temporary managing
conservator of S.S.  We dismiss the
appeal for want of jurisdiction.

            The Texas
Family Code permits a party to appeal “a final order” in a suit affecting the
parent-child relationship.  Tex. Fam. Code Ann. § 109.002(b)
(Vernon 2002); see also Tex. Fam.
Code Ann. § 105.001(e) (Vernon Supp. 2006).  To be final, a judgment must determine the
rights of the parties and dispose of all the issues involved so no future
action will be necessary to settle and determine the case.  In the Interest of N.J.G., 980
S.W.2d 764, 767 (Tex. App.–San Antonio 1998, no pet.); Kelley v. Kelley,
583 S.W.2d 671, 673 (Tex. Civ. App.–Austin 1979, writ dism’d).  A judgment is interlocutory when it
determines less than all issues as to all parties thereby leaving something to
be determined and adjudicated by the court in disposing of the parties and
their rights.  Kelley, 583
S.W.2d at 673.  An order is interlocutory
if it leaves open the issue of permanent conservatorship.  Id.; see N.J.G.,
980 S.W.2d at 767 (dismissing for want of jurisdiction appeal from trial court’s
order that left open question of permanent conservatorship).

            Here, the
trial court did not resolve the issue of permanent conservatorship.  Consequently, the order is
interlocutory.  See N.J.G.,
980 S.W.2d at 767; Kelley, 583 S.W.2d at 673.  Therefore, we are without jurisdiction to
consider Smith’s appeal.

            On March 20,
2007, we notified Smith by letter that the information received in this appeal
does not include a final judgment or appealable order.  Smith was further notified that unless the
information was amended before April 19, 2007 to show this court’s
jurisdiction, the appeal would be dismissed. 
The deadline for amendment has passed, and Smith has not shown the
jurisdiction of this court or otherwise responded to our notice.  Accordingly, the appeal is dismissed
for want of jurisdiction.

 

                                                                                                     SAM GRIFFITH    

                                                                                                              Justice

 

Opinion delivered May 2,
2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)