Srinivasa P. CHALU, Appellant,

v.

Attibee Ramaswamy SHAMALA,
Appellee.

No. 01–02–01142–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 18, 2003.

Srinivasa P. Charlu, Houston, for Appellant.

R.A. Apffel, Galveston, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and ALCALA.

## OPINION

ELSA ALCALA, Justice.

Appellant, Srinivasa P. Chalu (father), the possessory conservator of the minor child, S.S.C., brings this appeal to challenge an order granting the motion of child's sole managing conservator, appellee, Attibele Ramaswamy Shamala (mother), to transfer mother's petition to modify parent-child relationship to the Superior Court of California, County of San Bernardino, Central Branch. On November 6, 2003, this Court issued an order that notified father of our intent to dismiss this appeal, for lack of jurisdiction because the order that father challenges did not resolve the issues and the parties pertinent to mother's motion to modify, unless, within 30 days of our order, father provided this Court with a brief, supported by legal authorities, that demonstrated the basis of our appellate jurisdiction. *See* TEX.R.APP. P. 42.3(a). The deadline set by that order has passed without father's filing the requested brief.

We conclude that we lack jurisdiction and dismiss the appeal.

## Background

Mother filed her motion to modify the parent-child relationship on August 20, 2002. On the same day, she filed a motion to transfer her motion to modify to San Bernardino County, California. Mother's motion to modify alleged that the trial court had continuing, exclusive jurisdiction and that the court's prior order for possession of or access to the minor child, S.S.C., had become unworkable or inappropriate because mother and child had changed res-

idence "to a place outside Texas." Mother's motion to transfer alleged that San Bernardino County, California had been the principal residence of S.S.C. during the six months that preceded mother's motions to modify and to transfer. Mother's motion to transfer incorporated a notice of hearing for September 26, 2002 and was supported by mother's sworn affidavit, in compliance with section 155.204(a) of the Family Code. *See* TEX. FAM.CODE ANN. § 155.204(a) (Vernon 2002). Father did not file a controverting affidavit. *See id.* § 155.204(a)-(c). Although he appeared at the September 26, 2002 hearing, father did not contest the assertions of mother's affidavit. *See Proffer v. Yates,* 734 S.W.2d 671, 672, 673 (Tex.1987) (construing former Family Code section 11.06(b) and conditionally granting mandamus relief to compel trial court to perform mandatory, ministerial duty to transfer based on sworn, uncontroverted motion because remedy by appeal inadequate) (citing former TEX. FAM. CODE ANN. § 11.06(b)). The trial court signed the order of transfer at the conclusion of the September 26, 2002 hearing.

## No Interlocutory Appeal from § 155.204 Transfer Orders

A motion to modify the parent-child relationship is a suit affecting the parent-child relationship (SAPCR). *See* TEX. FAM.CODE ANN. § 101.032(a) (Vernon 2002) (defining "suit affecting the parent-child relationship"). A trial court that enters a decree affecting the child retains continuing, exclusive jurisdiction over SAPCRs pertinent to that decree. TEX. FAM.CODE ANN. §§ 155.001(a), 155.002 (Vernon 2002). Section 155.204 sets out the procedures that control transfer of SAPCRs. *See In re S.G.S.,* 53 S.W.3d 848, 851 (Tex.App.-Fort Worth 2001, no pet.). Subsection (e) of section 155.204 provides that, "An order transferring or refusing to

transfer the proceeding is not subject to interlocutory appeal." Tex. Fam.Code Ann. § 155.204(e) (Vernon 2002). Accordingly, father has no right of interlocutory appeal to challenge the trial court's transfer order.

### No Ordinary Appeal from § 155.204 Transfer Orders

■ Chapter 109 of the Family Code governs appeals in family-law cases. *See* Tex. Fam.Code Ann. §§ 109.001–.003 (Vernon 2002). Section 109.002 permits any party to a suit to appeal a final order "when allowed under this section or under other provisions of law." Tex. Fam.Code Ann. § 109.002(a), (b). Section 109.002 permits appeals from "a final order" and provides that the appeal "shall be as in civil cases generally." *Id.* § 109.002(a); *see also id* § 109.002(b), (c) (also referring to "final order"). With exceptions not relevant here, an appeal in a civil case may be prosecuted only from a final judgment or order. *North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966); *see also* Tex. Civ. Prac. & Rem.Code Ann. § 51.014 (Vernon Supp.2003) (listing appealable interlocutory orders).

■ A final judgment or order is one that disposes of all issues and parties in the case. *North East Indep. Sch. Dist.*, 400 S.W.2d at 895. The order that father challenges here did not resolve the issues and parties in mother's SAPCR and was, therefore, not final. *See In re N.J.G.*, 980 S.W.2d 764, 766–67 (Tex.App.-San Antonio 1998, no pet.) (holding that because question of permanent conservatorship remained unresolved by order denying motion to terminate temporary conservatorship, that order was interlocutory and not appealable). The trial court's order merely ordered interlocutory relief that transferred mother's SAPCR to San Bernardino County, California, without resolving the SAPCR.

As addressed above, section 155.204(e) states that an order that transfers or refuses to transfer is not subject to interlocutory appeal. Likewise, father has not demonstrated that this Court otherwise has jurisdiction over his attempted appeal from the trial court's order of transfer.

On November 6, 2003, this Court issued an order notifying father that his appeal would be dismissed unless, within 30 days of that order, father demonstrated that this Court had jurisdiction. Tex.R.App. P. 42.3(a). Father has not satisfied the conditions of that order. In accordance with our order of November 6, 2003, this Court orders father's appeal dismissed for want of jurisdiction.

### Conclusion

We dismiss the appeal.