Opinion issued February 19, 2004













In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00088-CV
____________

RICARDO PINA, Appellant

V.

HEATHER GENZER SHAW, Appellee




On Appeal from the 328th District Court
Fort Bend County, Texas
Trial Court Cause No. 114,352 




MEMORANDUM OPINION
          Proceeding pro se, Ricardo Pina appeals the trial court’s temporary orders
entered during the pendency of a motion to modify in a suit affecting the parent-child
relationship. 
          We conclude that we lack jurisdiction and dismiss the appeal.
Background
          On December 11, 2000, the trial court signed an order establishing the parent-child relationship in which it found that Pina was the biological father of N.G.P. The
order appointed Pina and N.G.P.’s mother, appellee, Heather Genzer Shaw, as
N.G.P.’s joint managing conservators. Shaw was designated by the trial court as the
conservator with the exclusive right to determine N.G.P.’s residence. Pina was given
standard visitation rights and ordered to pay child support to Shaw.
          Pina filed a motion to modify in a suit affecting parent-child relationship on
August 26, 2002. Pina alleged Shaw’s husband had sexually molested N.G.P. Based
on these allegations, Pina requested modification of the December 11, 2000 order
regarding issues of visitation, conservatorship, and child support. In response, Shaw
filed a motion for entry of temporary orders, alleging that she feared that Pina would
abscond with N.G.P. The trial court entered temporary orders providing that (1)
N.G.P. would live with Shaw’s parents, (2) Pina and Shaw’s husband were only to
have supervised visitation with N.G.P., and (3) the parties were enjoined from
discussing the sexual abuse allegations with N.G.P.
          Pina appeals the temporary orders contending that the trial court denied him
due process on various grounds. Shaw has filed a motion to dismiss Pina’s appeal,
arguing that this Court does not have jurisdiction over the temporary orders because
they do not constitute a final and appealable judgment or an appealable interlocutory
order.
Discussion
          Appellate courts may review only final and appealable judgments or
interlocutory orders specifically made appealable by statute. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); Northeast Indep. School Dist. v.
Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). This Court has previously held that
temporary orders, entered while a motion to modify in a suit affecting the parent-child
relationship is pending, are interlocutory and that no statutory provision authorizes
an appeal of these orders. Johnson v. Parish, 547 S.W.2d 311, 313 (Tex.
App.—Houston [1st Dist.] 1977, no writ); see also Dancy v. Daggett, 815 S.W.2d
548, 549 (Tex. 1991) (orig. proceeding) (holding mandamus is appropriate remedy
to challenge temporary orders governing issues of conservatorship and child support
because trial court’s issuance of temporary orders not subject to interlocutory appeal);
In re Ostrofsky, 112 S.W.3d 925, 928 (Tex. App.—Houston [14th Dist.] 2003, orig.
proceeding) (concluding mandamus was appropriate remedy to challenge temporary
orders entered while cross-motions to modify in suit affecting the parent-child
relationship was pending because relator had no adequate remedy by appeal). 
          Pina does not dispute that the temporary orders are interlocutory. Instead, Pina
contends that we have appellate jurisdiction under the provisions of Civil Practice and
Remedies Code subsection 51.014(a) (1), (2) and (3), which authorize an appeal from
an interlocutory order that “appoints a receiver or trustee,” that “overrules a motion
to vacate an order that appoints a receiver or trustee,” or that “grants or refuses a
temporary injunction or grants or overrules a motion to dissolve a temporary
injunction as provided by Chapter 65.” Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(1), (2), (4) (Vernon Supp. 2004). 
          In this case, the trial court was expressly authorized by Family Code section
156.006 to enter the temporary orders at issue. Tex. Fam. Code Ann. § 156.006
(Vernon 2002) (authorizing court to enter temporary orders in modification
proceeding). None of the statutory provisions cited by Pina permit an appeal of
temporary orders authorized by that section. To the contrary, Family Code subsection
105.001(e) provides that temporary orders rendered in a suit affecting parent-child
relationship are not subject to interlocutory appeal. Tex. Fam. Code
Ann. § 105.001(e) (Vernon 2002). A motion to modify the parent-child relationship
is a suit affecting the parent-child relationship. Chalu v. Samala, No. 01-02-01142-CV, slip op. at 3, 2003 WL 22999775 at *1 (Tex. App.—Houston [1st Dist.] Dec. 18,
2003, no pet.). Thus, Family Code subsection 105.001(e) precludes the interlocutory
appeal brought in the instant case. See Hughey v. Hughey, 923 S.W.2d 778, 780
(Tex. App.—Waco 1996, writ denied) (concluding that term “suit” as used in section
105.001 applies to suit for modification under Family Code chapter 156). 
          We conclude that the provisions of the Civil Practice and Remedies Code cited
by Pina are inapplicable to determining whether temporary orders authorized by
Family Code section 156.006, such as the ones signed by the trial court in this case,
are appealable. Rather, the interlocutory appeal brought by Pina is prohibited by
Family Code subsection 105.001(e). Id. Pina has not demonstrated that this Court
otherwise has jurisdiction over his appeal from the trial court’s temporary orders. 
Accordingly, we hold that we have no jurisdiction to consider this appeal. See
Johnson, 547 S.W.2d at 313.
Conclusion
          We dismiss this appeal for lack of jurisdiction.
 
 
                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Jennings and Higley.