Opinion issued May 20, 2010.



 

 

 

 

In The

Court
of Appeals

For The

First
District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.
01-09-01034-CV




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MAYUKO
MARTIN, Appellant

 

V.

 

TIMOTHY
E. MARTIN, Appellee

 

 



On
Appeal from the 328th District Court

Fort Bend County, Texas

Trial Court Cause No. 01-DCV-121342 

 

 



MEMORANDUM OPINION

 

Mayuko Martin brings this appeal to challenge the trial
court’s October 23, 2009 dismissal without prejudice of her motion for
temporary relief concerning the custody arrangements between herself and her
former husband for their child.  Those
custody arrangements are decreed in a final order that the trial court signed
July 28, 2004.  The same final order was
the subject of Martin’s other recent appeal, which we dismissed for lack of
jurisdiction on June 25, 2009.  

In a December 22, 2009 order, we informed Martin that the
October 23 order did not appear to be appealable and allowed her thirty days to
provide a supplemental record demonstrating its appealability before dismissing
the case.  Since then, a supplemental clerk’s
record has been filed, and Martin has filed an additional notice of appeal
under this case number, this time from the trial court’s February 11, 2010
order.  Although the record does not
contain a February 11, 2010 order, the trial court’s docket sheet reflects that
on February 11, 2010, the trial court granted a continuance and set trial to
commence on June 1, 2010.  

Temporary orders may be appealed only when expressly
permitted by statute. See, e.g., Bally Total Fitness Corp. v. Jackson, 53
S.W.3d 352, 352 (Tex. 2001); see Tex. Fam. Code Ann. §§ 109.001–.003
(Vernon 2002) (permitting any party to suit to appeal final order “when allowed
under this section or under other provisions of law”).  As we explained in our ruling
dismissing Martin’s prior appeal, temporary orders under the Texas
Family Code generally are not independently subject to interlocutory appeal.[1]  Tex.
Fam. Code Ann. § 105.001(e) (Vernon 2006) (stating temporary orders
in suits affecting parent-child relationship are not subject to interlocutory
appeal); see Dancy v. Daggett, 815
S.W.2d 548, 549 (Tex. 1991); Chalu v.
Shamala, 125 S.W.3d 737, 739 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  

Neither the October 23, 2009 order nor the February 11, 2010
order disposes of any parties or claims. 
They are thus not appealable.  See Lehmann v. Har-Con Corp., 39 S.W.3d
191, 195 (Tex. 2001) (judgment is final for purposes of appeal if it disposes
of all pending parties and claims in record, except as necessary to carry out
decree).  Accordingly, we dismiss this
appeal for want of jurisdiction.[2]  All pending motions are dismissed as moot.

 

                                                          Jane
Bland

                                                          Justice

 

Panel
consists of Justices Hanks, Bland, and Wilson.[3]











[1]
The Texas Family Code
authorizes interlocutory appeal only for orders appointing a receiver.  See Tex. Fam. Code Ann. § 6.507
(Vernon 2006).





[2]
Parties who represent themselves pro se
must comply with all applicable laws and rules of procedure and are held to the
same standards as licensed attorneys.  See Mansfield State Bank v. Cohn, 573
S.W.2d 181, 184 (Tex. 1978); Kanow v.
Brownshadel, 691 S.W.2d 804, 806 (Tex. App.—Houston [1st Dist.] 1985, no
writ). Thus, the filing of frivolous appeals, whether by attorneys or pro se
litigants, may lead to sanctions.  See Tex.
R. App. P. 45.





[3]  The Honorable
Davie L. Wilson, retired Justice, First Court of Appeals, participating by
assignment.