NO. 07-12-00160-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 7, 2012

_____

IN THE INTEREST OF M.L.L., A MINOR

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 36,857; HONORABLE PHIL N. VANDERPOOL, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Dorlexit Forlice Weeks attempts to appeal an April 19, 2012 order denying her motion to transfer venue of a suit affecting the parent-child relationship from Gray County to Moore County. We will dismiss the attempted appeal.

Jimmy Lee Logan filed an original petition in a suit affecting the parent-child relationship in Gray County on March 21, 2012. In a motion to transfer the suit to Moore County, Weeks alleged no other court possessed continuing, exclusive jurisdiction and the residence of M.L.L. was Moore County. By order signed April 19, 2012, the trial court denied Weeks' motion to transfer. Weeks filed a notice of appeal on May 2, 2012, which she amended on May 7.

We questioned our jurisdiction on our own motion. By letter to the parties of May 14 we gave notice that the case was abated due to our jurisdictional concern and afforded Weeks until May 25 to file any documents or matters considered necessary for our jurisdictional determination. Weeks made no response.

An order transferring or refusing to transfer a suit affecting the parent-child relationship is not subject to interlocutory appeal. Tex. Fam. Code Ann. § 103.002(c); § 155.204(h) (West 2008); *Chalu v. Shamala,* 125 S.W.3d 737, 738-39 (Tex.App.--Houston [1st Dist.] 2003, no pet.) (finding no appeal from § 155.204 transfer orders). Nor is such an order subject to an ordinary appeal because it is not a final order. *Chalu,* 125 S.W.3d at 739; Tex. Fam. Code Ann. § 109.002 (West Supp. 2011).

We therefore dissolve the abatement and dismiss the attempted appeal of Weeks for want of appellate jurisdiction. *See New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 679 (Tex. 1990) (court of appeals has no appellate jurisdiction over a nonfinal, interlocutory order unless expressly authorized by statute); Tex. R. App. P. 42.3(a).

It is so ordered.

Per Curiam

2