**Reversed and Remanded and Memorandum Opinion filed November 29, 2012.**



In The

## Fourteenth Court of Appeals

_____

### NO. 14-11-01031-CV

_____

**ROBERTO ANTONIO ORTIZ, Appellant**

**V.**

**JUANA LETICIA HERNANDEZ, Appellee**

**On Appeal from the 309th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-16382**

## MEMORANDUM OPINION

Roberto Antonio Ortiz appeals from the order dismissing his suit affecting the parent-child relationship ("SAPCR") and petition to adjudicate parentage. On October 2, 2012, this court notified the parties that we would consider dismissing this appeal for want of jurisdiction because the trial court's order dismissing Ortiz's petition to adjudicate parentage, which did not address the issues raised in Ortiz's SAPCR, did not appear to be final. *See* Tex. R. App. P. 42.3. After considering the record and Ortiz's response, we

conclude that the trial court's dismissal order was final but erroneous. Accordingly, we reverse and remand this cause for further proceedings.

## BACKGROUND

Ortiz and Juana Leticia Hernandez were married in January 2003. On July 19, 2004, Hernandez filed for divorce; the final divorce decree was signed on July 5, 2005. On August 22, 2005, the child who is the subject of this suit was born.[1] The parties agree that because this child was born within 301 days after the date of the divorce, Ortiz is the presumed father. See Tex. Fam. Code § 160.204(a)(2). In fact, there is no dispute that Ortiz is the only father that this child has ever known, that he has spent time with her over the course of her life, and that he believed he was her father.

In March 2011, Ortiz filed a petition to adjudicate parentage and a SAPCR regarding this child, seeking to establish a parent-child relationship between them. Ortiz further sought to be named the child's sole managing conservator, child support, and temporary orders. Several events occurred during the period from March to July 2011, including the imposition of temporary orders authorizing visitation and court-ordered genetic testing that excluded Ortiz as the child's biological father. Despite the results of genetic testing, Ortiz continued to pursue his SAPCR.

On July 11, 2011, Hernandez filed a counter-petition to Ortiz's suit to adjudicate parentage and combined motion to dismiss. In this motion, Hernandez alleged that Ortiz was barred from bringing a proceeding to establish the parent-child relationship with this child because he had not brought it before the fourth anniversary of the date her birth. She made no response to Ortiz's conservatorship, support, or temporary order requests.

Ortiz answered the counter-petition and motion to dismiss, asserting that Hernandez was equitably estopped from denying his parentage under section 160.608 of the Texas

_____

[1] Ortiz and Hernandez have two older children together who are not subject to this appeal.

2

Family Code.[2]   Ortiz amended his petition to adjudicate parentage and SAPCR, alleging that Hernandez was equitably estopped from denying his parentage of the child (a) under the Texas Family Code and (b) because Hernandez had represented that he is the child's father and admitted under oath that he is the only father the child has ever known.

The trial court heard Hernandez's motion to dismiss on July 28, 2011, and, the next day, signed a boilerplate order of dismissal to which it added the words "Motion to Dismiss granted."   This order also provided, "All temporary orders in this cause are vacated, and this cause is hereby DISMISSED."   Ortiz requested findings of fact and conclusions of law, which the trial court filed on August 23, 2011.   The trial court concluded as follows: "The applicable law is Texas Family Code §160.102(13); §160.204 (a)(2) and (b)(1); 160.607(a).   Upon application of the law and the facts and circumstances in this case the order granting the Motion to Dismiss was required by the applicable sections of the Texas Family Code."

Ortiz filed a motion for new trial, asserting that the evidence is legally and factually insufficient to support the trial court's judgment and that Hernandez's motion was "improper."   This motion was heard and denied by the trial court on October 18, 2011 on the grounds that the trial court lacked plenary power to rule on it.   This appeal timely ensued thereafter.

## ANALYSIS

Neither of the parties has questioned our jurisdiction over this appeal.   But subject-matter jurisdiction cannot be waived and may be raised by the court on its own initiative.   *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).   Here, we questioned our jurisdiction over this appeal because the record reflects that the conservatorship and support issues raised in Ortiz's SAPCR had not been addressed by the

---

[2] This section provides that a court may deny a motion for an order for genetic testing if the court determines that the conduct of the mother or presumed father estops that party from denying parentage and it would be inequitable to disprove the father-child relationship between the child and presumed father. *See* Tex. Fam. Code § 160.608(a).

3

trial court, thereby rendering the dismissal order interlocutory. Ortiz responded, directing us to the language in the dismissal order indicating finality, as well as notifying us that the trial court has refused to entertain further proceedings regarding the SAPCR under this cause number. Ortiz asserts that the trial court's dismissal order is final but erroneous. We agree.

When a child has a presumed father, a proceeding to adjudicate parentage must be brought no later than the fourth anniversary of the child's birth date, with certain exceptions not raised here. Tex. Fam. Code § 160.607(a). Because Ortiz sought to adjudicate parentage of this child after the expiry of this time, the trial court properly concluded that he was barred from doing so. *See id.* Indeed, because Ortiz is this child's presumed father, it appears that no one may adjudicate her paternity at this point in time. *See id.* And, as discussed above, our record indicates that Ortiz is the only father that she has ever known.

But Ortiz filed a combined petition to adjudicate parentage and SAPCR, seeking conservatorship, support, and temporary orders concerning the child, as well as an adjudication of parentage. As the presumed father of the child subject to this suit, Ortiz has standing to bring a SAPCR. *See id.* § 101.024(a) (defining "parent" to include "a man presumed to be the father"); § 102.003(a)(1) (providing that a parent may file a SAPCR "at any time"). Nothing in our record indicates that any determination regarding Ortiz's SAPCR has been made.

In Hernandez's original counterpetition and motion to dismiss, she sought to dismiss only Ortiz's suit to adjudicate parentage. She did not address Ortiz's conservatorship, support, and temporary order requests included in his SAPCR. Likewise, the trial court's dismissal order explicitly refers to Hernandez's motion to dismiss. In fact, as noted above, it is a boilerplate order on which the words "Motion to Dismiss granted" were handwritten by the trial court.

4

In short, nothing in our record indicates that the issues Ortiz raised in his SAPCR regarding the conservatorship and support of the child were considered or ruled upon by the trial court. A final judgment or order is one that disposes of all issues and parties in the case. *Chalu v. Shamala*, 125 S.W.3d 737, 739 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (citing *N. E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966)). But unequivocal language expressing finality controls to make an order final even if the record indicates that such judgment is erroneous. *Lehman v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). The language of the trial court's dismissal order indicates that it is final, yet the record reflects that the judgment is erroneous. Because the questions of permanent conservatorship and support raised by Ortiz in his SAPCR remain unresolved,[3] the trial court erred in dismissing this case.

## CONCLUSION

The trial court erroneously dismissed Ortiz's SAPCR. Ortiz was time-barred only from seeking to adjudicate parentage of this child. But as the presumed father of the child, he has standing to pursue a SAPCR. The trial court has not addressed the conservatorship and support issues raised by Ortiz in his SAPCR. Accordingly, we reverse and remand for proceedings consistent with this opinion.


/s/    Adele Hedges
Chief Justice

Panel consists of Chief Justice Hedges and Justices Brown and Busby.

---

[3] "The best interest of the child *shall* always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." Tex. Fam. Code § 153.002 (emphasis added).